Argued June 12, affirmed June 26, 1968

STATE OF OREGON, *Respondent, v.*
RONALD BENJAMIN FLYNN,
*Appellant.*
443 P. 2d 204

*Ross G. Davis,* Portland, argued the cause for appellant. With him on the brief were Hershiser, Mitchell & Smith, Portland.

*Jacob B. Tanzer,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before SLOAN, Presiding Justice, and GOODWIN and HOLMAN, Justices.

PER CURIAM.

Defendant appealed from a judgment of conviction of assault and robbery being armed with a dangerous weapon, three counts of assault with a dangerous weapon and assault with intent to rob. The sole assignment of error is the trial court's denial of defendant's motion for a mistrial because of comments by the deputy district attorney during argument to the jury. Defendant did not take the stand as a witness and he contends that the statements in question amount to a comment on his failure to do so.

The remarks of which the defendant complains were directed towards the testimony of a Mr. Stuart, who was called as a witness by defendant. The complete remarks follow, with the italicized portions being those to which particular objection is taken:

"Now, to get back to Mr. Stuart's testimony for the defense. Mr. Carskadon stated the defendant has to produce no evidence. That is true. However, the defense chose to offer what they deemed, they call evidence, some indication, ladies and gentlemen, of the evidence that they claim happened, was a deep stab wound, a bottle smashed over the defendant's head. All these things. *Of course, all we heard about that was from Mr. Stuart's testimony, which is unworthy of belief totally.*"

\* \* \* \* \*

"This Mr. Stuart, who supposedly remembers

in great detail all these incidents that occurred there, doesn't even remember this is an apartment behind an upholstry [sic] shop, doesn't even remember although he supposedly remembers all these other things. *He and the defendant didn't get their stories straight on that.*"

The first comment to which objection was taken was legitimate argument. By not taking the stand himself defendant cannot prevent the state from calling to the jury's attention that the only evidence on a particular point was of doubtful quality.

The second comment was also proper. The witness Stuart testified to seeing a portion of the occurrence out of which the charge arose. According to him he had been summoned by the defendant to escort the defendant home because he had won considerable money in a poker game and a fight started as he arrived to pick up the defendant. Stuart also testified to a subsequent conversation with the defendant. Because of this contact with defendant it was fair comment for the state to suggest the possibility of collusion between defendant and his witness. It was not a remark which reflected on defendant's failure to testify.

The judgment of the trial court is affirmed.